GENEVIEVE JODD, Appellant, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

**Division Two, June 23, 1914.**

**ASSIGNMENT OF DOWER: Limitations.** The Act of March 22, 1887 (Laws 1887, p. 177), required that an action for the assignment of dower must be brought within ten years after the act took effect, or within ten years after the death of the husband. Since plaintiff's husband died in 1879, her right of action was barred in 1897, or ten years after the statute went into effect. By Sec. 4558, R. S. 1889, the Act of 1887 was so amended as to require the action to be brought within ten years after the death of the husband. If it be contended that the latter statute is void as to this plaintiff in not giving her time, after the amendment, to institute her suit, it may be answered that if that be so, still it leaves the Act of 1887 in full force, and by that law she is barred, having instituted her suit in 1910.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*H. K. Bunch* and *Ernest C. Dodge* for appellant.

The trial court erred in sustaining defendant's demurrer, because: Dower is not within the Statute of Limitations, unless made so expressly. Dyer v. Witler, 89 Mo. 95, affirming 88 Mo. 67. The Statute of Limitations does not commence to run against a widow until dower has been assigned, nor is staleness of demand any defense to an action for admeasurement of dower. Johns v. Fenton, 88 Mo. 67. The law existing at the time of the marriage (1848) and not at the time of its dissolution (1879) determines the marital rights of the parties. Riddick v. Walsh, 15 Mo. 519. The act limiting actions for the recovery of real estate of Feb. 4, 1847, and the same act, R. S.

1855, p. 1045, does not include the limitations of suits for dower. Littleton v. Patterson, 32 Mo. 357. Where there is a change in the law after the husband's alienation, the widow's dower in respect to the aliened lands is governed by the law as it existed at the time of the alienation. Kennerly v. Mo. Ins. Co., 11 Mo. 204. A widow is entitled to dower in all the lands of which her husband was seized during the marriage to which she does not relinquish her right in the manner prescribed by law. No act, deed or conveyance of her husband without her assent evidenced by her acknowledgment thereof in the manner required by law to pass the estate of a married woman could deprive her of that right. Hall v. Smith, 103 Mo. 289; R. S. 1879, sec. 2186.

*James F. Green* for respondent.

(1)   Plaintiff's third amended petition wholly failed to state a cause of action, and the demurrer was properly sustained. Harrison v. McReynolds, 183 Mo. 533.   (2) An action for dower is barred by the Statute of Limitations, unless suit is commenced within ten years. Sec. 391, R. S. 1909; Harrison v. McReynolds, 183 Mo. 533; Robinson v. Ware, 94 Mo. 678: Null v. Howell, 111 Mo. 273.

ROY, C.—This is a suit for the recovery of dower in certain real estate in St. Louis, and was begun in the year 1910.

The petition alleges the marriage of plaintiff with Michael Jodd in 1848, and that said Michael Jodd was seized of the land in his lifetime; that he died in 1879, and that defendant entered the land in 1907 and was in such possession at the institution of the suit and wrongfully deforced plaintiff of her dower. There was a prayer for the admeasurement of her dower, for damages and for monthly rents and costs. There was a

Jodd v. Railroad.

demurrer to the petition on the grounds that it stated no cause of action and that plaintiff's action was barred by section 391, Revised Statutes 1909. The demurrer was sustained. The plaintiff declined to further plead, and judgment went against her, from which she has appealed.

At common law, after the death of the husband and prior to the admeasurement of dower, the widow had no estate in the land of which her husband died seized, but merely a right to have her dower assigned.

Assignment of Dower: Limitations. The Statute of Limitations, prior to 1887 did not apply to such action for assignment of dower. By the act of March 22, 1887 (Laws 1887, p. 177) it was required that such action should be brought within ten years after the act took effect or within ten years after the death of the husband. As plaintiff's husband died in 1879, the plaintiff's right of action for assignment of dower was, by that statute, barred in 1897, ten years after the statute went into effect. By the Revised Statutes of 1889, section 4558, now section 391, Revised Statutes 1909, the Act of 1887 was so amended as to require the action for admeasurement of dower to be brought within ten years after the death of the husband. If it be contended that the latter statute is void as to this plaintiff in not giving her time after the amendment to institute her suit, it may be answered that if the section as it now stands is invalid as to her, it leaves the law of 1887 in full force (State v. Thomas, 138 Mo. 95), and by that law she is barred.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur, except *Faris, J.,* not sitting.